T.C. Summary Opinion 2004-137


UNITED STATES TAX COURT


JEAN G. JOSEPH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7203-03S.            Filed October 7, 2004.


Jean G. Joseph, pro se.

<u>Laura A. McKenna</u>, for respondent.


POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463[1] of the Internal Revenue Code
in effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

---

[1] Unless otherwise indicated, subsequent section references are
to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $2,639.70 in petitioner's 2001 Federal income tax. The issues are whether petitioner is entitled to (1) a dependency exemption deduction and (2) an earned income credit (EIC) for a child. Petitioner resided in North Miami, Florida, at the time the petition was filed.

The facts may be summarized as follows. Petitioner is unmarried. During 2001, petitioner lived with Lucia Duverger, his "girlfriend" (Ms. Duverger), and two children, one of whom was petitioner's daughter (Dina). Petitioner is self-employed as a taxicab driver.

In preparing his 2001 Federal income tax return, petitioner reported taxable income of $7,589 and claimed a dependency exemption deduction and an EIC based on amounts he allegedly paid for the support of Dina. He also claimed head of household filing status.[2] Respondent disallowed the dependency exemption deduction and the EIC. Ms. Duverger filed a Federal income tax return for 2001 reporting taxable income of $18,855 and claimed dependency exemption deductions for two children, a child tax credit, and an EIC.

---

[2]  Petitioner later submitted an amended return on which he reported $355 of additional self-employment income and claimed "single" filing status. Petitioner's filing status is not at issue.

Dependency Exemption Deduction

Petitioner argues that he is entitled to claim a dependency exemption deduction with respect to Dina.  Sections 151 and 152 provide that a taxpayer is entitled to deduct an exemption for a minor dependent if the taxpayer provides more than half of the support for the minor dependent.  A daughter of a taxpayer is included in the definition of a dependent.  Sec. 152(a)(1).  The issue with regard to the dependency exemption deduction claimed by petitioner is whether petitioner established that he provided more than half of the support for Dina.

Petitioner claims that he paid approximately $600 per month for food, clothing, etc., and $500 per month for housing for the support of Ms. Duverger, Dina, the other child, and himself, totaling $1,100 per month.  Petitioner has no records establishing these amounts.  We pointed out at trial that the total support he allegedly paid per year would have been $13,200, approximately $5,000 more than his reported taxable income.  He, therefore, either understated his taxable income or overstated the amount that he allegedly paid for support.  Moreover, petitioner had no idea what the total cost for support was or what the total cost was for the support of Dina.  Given that Ms. Duverger had a taxable income of more than twice the amount

reported by petitioner, we conclude that petitioner did not pay over half of the support for Dina and is not entitled to claim a dependency exemption deduction for her.

EIC

Section 32(a) generally provides eligible individuals with an EIC against their income tax liability. An "eligible individual" is defined to include any individual who has a "qualifying child". Sec. 32(c)(1)(A)(i). A qualifying child includes a daughter of the taxpayer, sec. 32(c)(3)(B)(i)(I), who has the "same principal place of abode as the taxpayer for more than one-half of such taxable year", sec. 32(c)(3)(A)(ii). We assume that petitioner satisfies these requirements. Section 32(c)(1)(C) provides, however, that:

> If 2 or more individuals would * * * be treated as eligible individuals with respect to the same qualifying child * * * only the individual with the highest modified adjusted gross income for such taxable years shall be treated as an eligible individual with respect to such qualifying child.

It appears that both Ms. Duverger and petitioner would satisfy the threshold requirements of being an eligible individual with respect to Dina. But, Ms. Duverger has the highest modified adjusted gross income. See sec. 32(c)(5). Petitioner, therefore, is not entitled to claim an EIC with respect to Dina.

We have seen an increasing number of these cases where there has been no discernible substance to the case other than an inept attempt to take advantage of tax deductions and credits.

Often this results from advice given by tax return preparers who know better.  This results in an audit, and we urge such taxpayers and their return preparers to be more circumspect.  Not only do the taxpayers end up paying interest for the current year, they may be subject to penalties or the denial of otherwise allowable credits in future years.  See sec. 32(k).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.